José Cabrera, Representing his minor son Pedro Juan Cabrera, Plaintiff and Appellee, *v.* Juan Luis Boscio, Defendant and Appellant.

No. 4134. Argued November 22, 1927.—Decided May 31, 1928.

*R. V. Pérez Marchand* for the appellant.  *E. Arjona Siaca* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

José Cabrera, representing his minor son Pedro Juan Cabrera, brought an action against Juan Luis Boscio to recover $2,000 caused by the defendant to the minor by striking him with his automobile in the afternoon of November 27, 1925, in Ponce, and throwing him violently to the ground, severely injuring his right arm and his head and fracturing his right leg. Negligence is charged against the defendant consisting in driving the vehicle at great speed without sounding the klaxon, without keeping to his right, without taking into account the dense population of the place and the proximity of the corner of Villa street to the place known as Coto Sucio where the accident occurred.

The defendant demurred on the ground of lack of sufficient facts to constitute a cause of action. The demurrer was overruled and a period of ten days within which to answer was granted.

The defendant failed to answer and the plaintiff obtained an entry of his default. The defendant moved to open the default and in view of the reasons alleged and the evidence submitted and heard, the motion was granted.

The case was brought to trial and on the evidence examined the court rendered judgment for the plaintiff as follows:

"Therefore, in accordance with the evidence heard and in conformity with its opinion attached to the record, the court renders judgment sustaining the complaint and adjudges that defendant

Juan Luis Boscio pay to plaintiff Pedro Juan Cabrera, represented by his father, José Cabrera, the sum of two thousand dollars ($2,000) as damages caused to the said plaintiff by the said defendant, which amount should be deposited in this court to be invested for the benefit of the minor, as agreed between the District Attorney and the parents of the said minor, in properties that will produce an income for supporting and educating the minor Pedro Juan Cabrera and supplying the natural deficiencies caused by the accident, with costs, disbursements and attorney's fees.''

The defendant appealed from that judgment and assigns nine errors in his brief. Those under numbers 3, 4, 5 and 6 constitute only one. The ninth includes all and therefore is disposed of in deciding the others.

The attorneys for the parties did not argue the case at the hearing, but submitted it on briefs.

Although it is true that the record is the essential thing and that a complete and well reasoned brief prepared by each party is indispensable, it can not be denied that oral arguments have great importance. It is not necessary that they should be long and cover in detail all of the questions involved, as in the written briefs, but they afford a splendid opportunity for calling the attention of the whole court to all questions involved by laying greater emphasis on those most prominent and influential in the determination of the case. And thus, when the case is immediately considered in conference or is assigned to one of the justices for special consideration and is submitted by him in conference to his colleagues for a discussion of its merits, all of the justices find themselves in a position to go into the matter at once, conscious of being able to form their opinions by having heard the parties through their best and able counsel.

Let us consider the first assignment. The appellant contends that the complaint is insufficient because, being based on section 60 of the Code of Civil Procedure as amended by Act No. 77 of 1921, it is not alleged therein that the minor Pedro Juan Cabrera lives in the home of his father and is under his protection.

The complaint alleges that plaintiff José Cabrera, of age, married, tradesman and a resident of Ponce, appears as father with *patria potestas* over his minor son Pedro Juan Cabrera, and in our opinion this is sufficient.

"Sections 60 and 61 of the Code of Civil Procedure are not the original fountain for awarding damages for death caused by an illegal act, but sections 1803 and 1804 of the Civil Code." It was so held by this court in *Orta* v. *P. R. Railway, Light & Power Co.*, 36 P.R.R. 668, and the principle includes damages caused to a person by the fault or negligence of another.

Sections 1803 and 1804 of the Civil Code form a part of a body of laws which contains this other precept:

"Sec. 223.—The father and the mother have, with respect to their children not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their means, and representing them in the exercise of all actions which may redound to the benefit of such children . . ."

Such being the case, as the father is obliged to represent the child in the exercise of all actions which may redound to its benefit, and the action herein exercised being to its benefit and this is an action of that kind, the allegation is sufficient. The wording of the judgment leaves no doubt whatever.

The second assignment is without merit. It is true that the complaint is not verified while the answer is, and that the district court said in its opinion that both pleadings were verified. That is merely an error of the court without influence on the decision of the case. When the complaint is verified then the issue must be continued in the way that it is joined. But no plaintiff is obliged to verify a complaint in an ordinary action for damages. He may or may not do so, as he thinks fit. And if the defendant chooses to present a verified answer, the position of the plaintiff is not changed. Here the fact that the answer appears verified is due to the

incident regarding the opening of the default to which we have referred.

The third, fourth, fifth and sixth assignments amount to only one, as has been said. It is contended in different ways and by virtue of the various statements contained in the opinion delivered by the trial judge that judgment could not be rendered ordering the defendant to pay to the plaintiff the amount sued for because the plaintiff did not prove at the trial that he was the father of the injured minor.

The appellee admits that during the trial no evidence was submitted on that point, but he contends that the condition of father of the plaintiff was established and even admitted by the appellant in the incident on the opening of the default.

It is unnecessary to inquire whether or not the appellee is right in order to conclude that there was no error. An examination of the pleadings is sufficient.

The first averment of the complaint reads as follows:

"1.—That the plaintiff José Cabrera is of age, married, tradesman, resident of Ponce, and appears in this action as father with *patria potestas* over his minor son Pedro Juan Cabrera; the defendant is Juan Luis Boscio, of age, married, merchant and a resident of Ponce, P. R.; both parties having the necessary legal capacity to sue and be sued."

Assignments 2 and 7 allege the facts which were the basis of the cause of action, that is, the accident, the conduct of the defendant and the injuries and sufferings of the minor.

The answer was worded as follows:

"Now comes defendant Juan Luis Boscio by his undersigned attorney and in answer to the complaint of the plaintiff states:

"That the defendant denies each and all of the facts here alleged as a cause of action by the plaintiff."

Then follows a certain allegation of "new matter constituting defense" wherein it is maintained that the defendant was not negligent and that if the accident occurred, it was due to the negligence of the minor or to some unavoidable circumstance.

Leaving aside the confusion introduced by the words "here alleged" used in the denial of the defendant and admitting that they refer to the facts alleged in the complaint and that "here" indicates the action, it is to be observed that facts alleged "as a cause of action by the plaintiff" are denied.

This being the case, the first averment of the complaint which in no way refers to the cause of action was admitted and therefore the plaintiff was relieved of proving it at the trial.

The seventh assignment is that in the opinion of the appellant the trial court erred in weighing the evidence as to how the accident occurred.

We have examined all of the evidence carefully. It is contradictory. The conflict was adjusted by the court against the defendant and there has been no showing that the court acted with passion, prejudice or partiality or committed manifest error, and the trial judge was convinced that the conclusion reached by him was wholly just and proper.

Besides the testimony of one witness, a chauffeur who was standing near the scene of the accident, regarding the speed at which the defendant was driving, without sounding the klaxon, and on the wrong side, there was also that of a policeman who was on duty near the place, as follows:

"A.—I was on duty in Villa street and a man whose name is Rafael—I do not know his surname—was informing me at that moment that his coat had been stolen from his house on the previous night; at that moment Juan Luis Boscio passed in an automobile and was driving at a speed . . . I can not say because I was not going behind; I do not know the speed in miles at which he was driving, but it impressed me. Q.—But it impressed you? A.—He was driving at a speed rather . . . Q.—But rather what? A.—At a speed rather fast; and at the same time I said to him: 'Look how that car is going.' And at that moment the accident occurred and I saw when the car ran over a small boy. Q.—Did you hear the klaxon of the car? A.—I did not hear any klaxon. Q.—Or any other alarm signal? A.—None."

The man referred to by the policeman testified as follows:

"A.—I was in front of the policeman informing him .that a coat of mine had been stolen, well, that gentleman (referring to the defendant Juan Luis Boscio) was coming in a car at a very great speed; then Luis called my attention to the speed at which he was going, and then he did not stop, but went on and .farther on there was a small boy called Pedro Juan Cabrera standing on the left, and the front wheel knocked the boy down on the left side. and it ran over his leg, the right leg."

It is contended in the eighth assignment that the court was not justified in finding that a radiograph .showed that the right leg of the minor was fractured as a consequence of the accident.

In support of a holding that there was no such error it will be sufficient to transcribe the following from the testimony of Dr. Antonio Mayoral given at the trial.

"Q.—Were you, about November 27, 1925, the radiographer of the hospital Santo Asilo de Damas de Ponce? A.—I was. Q.—Did you take as such radiographer any radiograph of any member of the body of a boy named Pedro Juan Cabrera? A.—I did. Q.— Were you able to ascertain with precision from the radiograph the injuries received. A.—Yes. Q.—What was the result? What was . your diagnosis? A.—A complete fracture of the bone of the right leg in its lower third part. Q.—According to the radiograph the boy had . . . ? A.—A complete fracture of the right leg in its lower third part."

The production of the radiograph was not absolutely necessary. Nor is the fact of the existence of the fracture destroyed by the subsequent declaration of the same doctor to the effect that a fractured member which has been healed retains the same physiological efficiency as before the fracture and that in his experience he has had the opportunity to notice years afterwards that "not even the place of the fracture" could be located. The first part of his testimony bore on the fact itself; the second part thereof on its possible consequences in the future.

By virtue of the foregoing the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Texidor took no part in the decision of this case.